Filed 9/26/14  P. v. Persell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C074750 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF131837) |
| v. | |
| CHARLES PERSELL, | |
| Defendant and Appellant. | |

Defendant Charles Persell appeals following the imposition of a state prison sentence pursuant to a plea agreement.  He contends only that the abstract of judgment requires correction.  The Attorney General agrees that the abstract needs correction, but not for the reason given by defendant.  We affirm defendant's conviction, but remand for further proceedings as explained below.

### FACTUAL AND PROCEDURAL BACKGROUND

An information charged defendant and a codefendant with the following drug-related offenses:  transportation of methadone (count 1; Health & Saf. Code, § 11352,

1

subd. (a)); possession for sale of methadone (count 2; Health & Saf. Code, § 11351); transporting methamphetamine (count 3; Health & Saf. Code, § 11379, subd. (a)); possession for sale of methamphetamine (count 4; Health & Saf. Code, § 11378); possession of controlled substance paraphernalia (count 5; Health & Saf. Code, § 11364.1); and possession of methadone (count 6; Health & Saf. Code, § 11350).[1] As to counts 1 through 4, it was alleged that defendant had suffered a prior conviction for violating Health and Safety Code section 11378. As to all counts, it was alleged that defendant had suffered three prior prison terms. (Pen. Code, § 667.5, subd. (b).)

Defendant pleaded no contest to counts 3 and 6 and admitted the prior drug conviction as to count 3 in return for a stipulated sentence of six years eight months in county jail, consisting of three years on count 3, three years for the prior conviction, and eight months on count 6 (Pen. Code, § 1170, subd. (h)); the remaining counts and allegations were dismissed. The factual basis for the plea, as recited by the prosecutor and stipulated to by defense counsel, was that on May 8, 2013, defendant was found in Yolo County to have possessed and transported an amount of methamphetamine sufficiently large to be not for personal use and to be in possession of methadone pills knowing of their value as a narcotic substance. In addition, he had been convicted of violating Health and Safety Code section 11378 on July 11, 2007, in Yolo County.

The trial court thereafter imposed the stipulated sentence. The court also imposed various fines and fees, including a laboratory fee and assessments of $200 pursuant to Health and Safety Code section 11372.5. The court made an oral finding that defendant lacked the ability to pay the related drug program fee and assessments. (Health & Saf. Code, § 11372.7.) The court ordered defendant to pay a court construction fee of $30 on

---

[1] Count 6 was added by amendment as part of the subsequent plea agreement.

each count (Gov. Code, § 70373, subd. (a)(1)) and a court operations assessment of $40 on each count (Pen. Code, § 1465.8).

We explain the alleged errors in the abstract of judgment below.

## DISCUSSION

### I

Defendant contends that the abstract of judgment erroneously shows that the $615 drug program fee under Health and Safety Code section 11372.7, which the trial court waived, was actually imposed. The Attorney General disagrees. The Attorney General is correct.

Defendant cites to an "attachment" page of the abstract of judgment, which details the drug laboratory fee and the drug program fee (including all appurtenant assessments) in the amounts indicated by the probation report: $205 for the laboratory fee (Health & Saf. Code, § 11372.5) and $615 for the drug program fee (Health & Saf. Code, § 11372.7). However, as the Attorney General points out, the second page of the abstract contains the following notation: "See Drug/lab fee breakdown attached (only $200 lab fees ordered--remaining fees waived)." This notation is consistent with the trial court's oral orders and the sentencing minute order. Thus, the abstract correctly reflects the court's order.

We note that the laboratory fee of $200 ordered by the trial court and reflected in the abstract does not match the laboratory fee of $205 calculated on the "attachment" page. We will assume the court intended to order a fee of $200 and the abstract is correct. If the court intended to order the higher amount, the abstract of judgment shall be corrected to so reflect.

### II

The Attorney General points out that although the trial court correctly ordered the imposition of a court operations assessment of $40 (Pen. Code, § 1465.8) and a criminal conviction assessment of $30 (Gov. Code, § 70373) for each count of which defendant

3

was convicted, the abstract shows those assessments as only $40 and $30 respectively. Because defendant was convicted of two counts, the court operations assessment actually ordered was $80 and the criminal conviction assessment actually ordered was $60. On remand, the abstract must be corrected to show those amounts. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386.)

## DISPOSITION

Defendant's conviction is affirmed. The matter is remanded for further proceedings as indicated in the Discussion.

<u>   RAYE   </u>, P. J.

We concur:

<u> NICHOLSON </u>, J.

<u> ROBIE   </u>, J.

4